**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOISE ALEJANDRO GALICIA-CORADO, AKA Moise Corado, AKA Moise Alejandro Galicia, AKA Moise Galicia Corado, AKA Moise A. Galicia-Corado, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-72685 <br><br> Agency No. A087-526-738 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before: SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

Moise Alejandro Galicia-Corado, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Galicia-Corado established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (extraordinary circumstances did not excuse untimely asylum application where petitioner claimed ineffective assistance of counsel but failed to comply with *Matter of Lozada* requirements). Thus, we deny the petition for review as to Galicia-Corado's asylum claim.

Galicia-Corado's argument that the BIA failed to consider the elements of his proposed social groups cumulatively is unexhausted, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency), and Galicia-Corado does not otherwise challenge the BIA's determination that he failed to establish past or future harm on account of a protected ground, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.

1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Galicia-Corado's withholding of removal claim fails.

Substantial evidence supports the agency's denial of Galicia-Corado's CAT claim because he failed to establish it is more likely than not that he would be tortured at the instigation, or with the consent or acquiescence, of the government of El Salvador. *See Silaya*, 524 F.3d at 1073. We reject Galicia-Corado's contentions that the BIA erred in its analysis and violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Galicia-Corado's motion to hold the proceedings in abeyance (Docket Entry No. 8) is denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**